1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

RONNIE RANDLE,

Plaintiff,

8

v.

9

10

SAN FRANCISCO COUNTY SHERIFF,

Defendant.

11

Case No. 24-cv-04511-RMI

**ORDER OF DISMISSAL WITH LEAVE
TO AMEND**

12

13        Plaintiff, a detainee, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

14   Plaintiff has been granted leave to proceed *in forma pauperis*.

15                                         **DISCUSSION**

16        **Standard of Review**

17        Federal courts must engage in a preliminary screening of cases in which prisoners seek

18   redress from a governmental entity, or from an officer or employee of a governmental entity. 28

19   U.S.C. 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any

20   claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

21   seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2).

22   Further, it should be noted that pleadings submitted by pro se parties must be liberally construed.

23   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

25   claim showing that the pleader is entitled to relief." While specific facts are not necessary, the

26   statement needs to give the defendant fair notice of the nature of the claim and the grounds upon

27   which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include

28   detailed factual allegations in a complaint, the complaint must do more than recite elements of a

United States District Court
Northern District of California

United States District Court
Northern District of California

1    cause of action and state conclusions; rather a plaintiff must state factual allegations sufficient to

2    raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550

3    U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is

4    plausible on its face." *Id*. at 570. The Supreme Court recently explained this standard: "[w]hile

5    legal conclusions can provide the framework of a complaint, they must be supported by factual

6    allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their

7    veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*

8    *v. Iqbal*, 556 U.S. 662, 679 (2009).

9          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

10   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

11   the alleged deprivation was committed by a person acting under the color of state law. *West v.*

12   *Atkins*, 487 U.S. 42, 48 (1988).

13              **Legal Claims**

14         Plaintiff alleges that he was assaulted at the San Francisco County Jail. It appears Plaintiff

15   is a pretrial detainee.

16         The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial

17   detainee from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S.

18   386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). To prove an excessive

19   force claim under § 1983, a pretrial detainee must show only that the "force purposely or

20   knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S.

21   389, 397 (2015). "A court must make this determination from the perspective of a reasonable

22   officer on the scene, including what the officer knew at the time, not with the 20/20 vision of

23   hindsight." *Id*. "A court (judge or jury) cannot apply this standard mechanically." *Id*. "[O]bjective

24   reasonableness turns on the 'facts and circumstances of each particular case.'" *Id*. (quoting

25   *Graham*, 490 U.S. at 396).

26         A non-exhaustive list of considerations that may bear on the reasonableness of the force

27   used include "the relationship between the need for the use of force and the amount of force used;

28   the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount

United States District Court
Northern District of California

1   of force; the severity of the security problem at issue; the threat reasonably perceived by the

2   officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397.

3        Plaintiff's brief complaint states that he was physically assaulted on January 26, 2024, and

4   as a result, his lip and teeth were bleeding and swollen. He states that he was wrongfully punished

5   for the incident, though he did not initiate the assault. He does not identify any defendants.

6        Plaintiff's complaint is dismissed with leave to amend to provide more information.

7   Plaintiff must identify the specific defendants and describe their actions and the circumstances that

8   led to the assault. He must present more allegations describing how the individual defendants

9   violated his constitutional rights.

10   **CONCLUSION**

11        1.  The complaint is **DISMISSED** with leave to amend in accordance with the standards

12   set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date

13   this order is filed, and it must include the caption and civil case number used in this order and the

14   words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely

15   replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See*

16   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material

17   from the original Complaint by reference. Failure to amend within the designated time will result

18   in dismissal of this case.

19        2.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

20   informed of any change of address by filing a separate paper with the clerk, headered "Notice of

21   Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so

22   may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

23   Procedure 41(b).

24        **IT IS SO ORDERED.**

25   Dated: September 9, 2024

26

27

28

ROBERT M. ILLMAN
United States Magistrate Judge

3